UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
STEFFAN BUMPERS,

               Plaintiff,

                                   <u>MEMORANDUM AND ORDER</u>
     -against-                   19-CV-4219(JS)(AYS)

JOHN DOE #1, Police Officer;
JOHN DOE #2, Police Officer;

               Defendants.
--------------------------------X
APPEARANCES
For Plaintiff:      Steffan Bumpers, <u>pro se</u>
                    15-R-2480
                    Downstate Correctional Facility
                    121 Red Schoolhouse Road
                    P.O. Box F
                    Fishkill, New York 12524

For Defendants:    No appearances.

SEYBERT, District Judge:

      On July 22, 2019, incarcerated <u>pro se</u> plaintiff Steffan Bumpers ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against unidentified officers alleged to work at the Suffolk County Police Department's First Precinct (together, "Defendants") together with an incomplete application to proceed <u>in forma pauperis</u>. (D.E. 2.) Accordingly, by Notice of Deficiency dated July 25, 2019 ("Notice"), Plaintiff was instructed to complete and return the enclosed <u>in forma pauperis</u> application within fourteen (14) days from the date of the Notice in order for his case to proceed. (<u>See</u> Notice, D.E. 7.) On August 5, 2019, Plaintiff filed an complete application to proceed

in forma pauperis.  (IFP Mot., D.E. 8.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and Complaint upon Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on Defendants without more information.  The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants.  See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997).  Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of Defendants, who are alleged to be employed by the Suffolk County Police Department and to have interacted with Plaintiff on September 12, 2018.  The Suffolk County Attorney's Office shall provide the Court and Plaintiff with the names and addresses where these

individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of Defendants, Summonses shall be issued as to Defendants, and the USMS shall serve them. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve Defendants as instructed by the Second Circuit in Valentin.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:  October   7  , 2019
        Central Islip, New York

3